## A. W. Heinly v. Eva Goldberg.

1. EVIDENCE—*Where it is Conflicting it is the Jury's Province to Find the Truth.*—Where the evidence is conflicting it is the peculiar province of the jury to find the truth, and this court will not feel justified in disturbing a judgment that is clearly supported by the evidence produced by the plaintiff, although the evidence for the defendant may, on the face of the transcript, appear to preponderate in his favor.

**Assault and Battery.**—Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

MABIN & CLARK, attorneys for appellant; J. B. MANN, of counsel.

KIMBROUGH & MEEKS, and O. M. JONES, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

In a suit for damages for an assault and battery upon her person, appellee recovered a judgment against appellant for $500. In seeking a reversal, appellant urges that the verdict is against the evidence, and that the court improperly instructed the jury.

The evidence shows that prior to the assault complained of appellant, and appellee's brother, Solomon Goldberg,

were partners in business at Danville, Ill., and that appellee had been employed as bookkeeper for the firm. In October, 1901, appellant filed a bill to dissolve the partnership and obtained a temporary injunction restraining his partner from interfering with the property of the firm. A few days thereafter, appellant, with three other men, broke into the room where the partnership property was kept and proceeded to remove it. After they had removed the most of the property appellee appeared upon the scene and vigorously protested against the removal of the property during the absence of her brother, who was at that time out of the city, and especially to the removal of a certain desk which she claimed belonged to her brother and contained nothing not belonging to herself or brother. There is a sharp conflict in the testimony as to what then occurred. Appellee testified that when appellant and his assistants, in disregard of her protests undertook to remove the desk, she sat upon it; that appellant then struck her on the hand and breast, and that he seized her hand and forced her from the desk by twisting her arm, and that he thereby so injured her as to necessitate the attendance of a physician, and her confinement in a hospital for twelve days. Appellant denied striking her and testified that what was done by him in that regard was simply to keep her from assaulting him. He was corroborated by two men who were assisting him in removing the property.

In the conflict, it was the peculiar province of the jury to find the truth; and while the testimony as it appears in the transcript seems to preponderate in favor of appellant, we do not feel justified in reversing the judgment for the reason that the finding is against the evidence. As has been frequently said by this court and the Supreme Court, the jury and the trial judge are in so much better position to judge of the credit to be given to the witnesses than are we, who have no opportunity of seeing them and of observing their manner while testifying, that we do not feel justified in disturbing a judgment that is clearly supported by the evidence produced by the plaintiff, although the evi-

dence for the defendant may, on the face of the transcript, appear to preponderate in his favor.

We see no error in any of the instructions given for appellee. There was no error in ruling upon the admission of testimony and the appellant has had a fair trial.

Judgment affirmed.